## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

INNERCAP TECHNOLOGIES, INC.,

     *Plaintiff,*

     v.

TARGET CORPORATION
D/B/A TARGET,

     *Defendant.*

File No.:

**TRIAL BY JURY DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff INNERCAP Technologies, Inc. ("INNERCAP") files this Complaint against Defendant Target Corporation ("Target").

## NATURE OF THE CASE

1.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 101, et seq., including 35 U.S.C. § 271, for infringement of United States Patent No. 7,670,612 (the '612 Patent), which is attached as Exhibit A.

2.     Target has infringed and continues to infringe the '612 Patent in violation of 35 U.S.C. § 271 by offering to sell and selling various lines of capsule-in-capsule vitamin, dietary or nutritional supplement, and/or biotic products (*i.e.* prebiotics, probiotics, and postbiotics) in which the outer capsule contains ingredients in an oil form and the inner capsule contains ingredients in a solid form (the "Accused Products"), which include but are not limited to at least the "Ritual" line of capsule-in-capsule multivitamin and digestive support products manufactured by Natals, Inc., each of which have an oil ingredient in the outer capsule and solid, lyophilized and/or powdered ingredients in the inner capsule (the "Ritual Multi-Capsule Products").

1

3.     On information and belief, the Ritual Multi-Capsule Products include at least the following capsule-in-capsule products: Ritual Essentials Prenatal Multivitamins, Ritual Essentials Postnatal Multivitamins, Ritual Synbiotic+ - Probiotic, Prebiotic, Postbiotic, 3-in-1 Formula for Gut Health and Digestive Support, and other Ritual-branded capsule-in-capsule products having similar technology regarding the features identified herein.[1]

4.     On information and belief the Accused Products are sold by and shipped by Target.com rather than by third-party marketplace sellers. On information and belief, Target warehouses, distributes, advertises, offers for sale, and sells the Accused Products through its retail and e-commerce operations.

5.     INNERCAP seeks damages adequate to compensate it for Target's infringement of the '612 Patent, together with prejudgment and post-judgment interest, costs, and all other relief available under law.

**PARTIES**

6.     INNERCAP is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 9216 Palm River Road, Ste 203, Tampa, FL 33619. Founded in 2003 by Fred H. Miller, INNERCAP set out on a mission to solve core formulation and delivery problems associated with supplements and medications. Namely, prior to INNERCAP's innovations, many active ingredients (e.g., vitamins, dietary or nutritional supplements, nutraceuticals, minerals, omega oils, extracts, pre-biotics, post-biotics, or drugs) could not effectively be combined in a single conventional capsule dose because they differed in physical state (solid vs. liquid), were chemically incompatible, or required different release

---

[1] See, e.g., https://www.target.com/s?searchTerm=ritual&category=5xu1n&searchTermRaw=Ritual (last visited April 16, 2026).

profiles. Conventional capsules forced compromise, leading to instability, reduced efficacy, or inability to co-deliver certain combinations at all. INNERCAP's technology, as embodied in the '612 Patent, solves this problem by providing a capsule-in-capsule system with separate internal compartments, each capable of holding different ingredients in different physical states (e.g., liquid and solid) within a single dosage form. By physically separating and optionally staging release of these ingredients, INNERCAP's system enables stable, compatible, and potentially targeted delivery of combination products that could not otherwise be co-formulated.

7. On information and belief, Target is a Minnesota corporation with its principal executive offices at 1000 Nicollet Mall, Minneapolis, MN 55403-2542. On further information and belief, Target is registered to do business in Minnesota. By registering to conduct business in Minnesota, by selling the Accused Products into Minnesota through its online marketplace, and by, on information and belief, maintaining retail locations through which the Accused Products are sold in Minnesota, Target has regular and established places of business within the District of Minnesota.

## JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Target because Target is incorporated in Minnesota, has its principal executive offices in Minneapolis, and therefore has a continuous presence in, and systematic contacts with, this District.

11.     On information and belief, Target has committed and continues to commit acts of infringement in this Judicial District, and the claims addressed in this Complaint arise out of and relate to such acts, including at least by selling, offering for sale, and on information and belief importing the Accused Products in or into this District.

12.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Target is incorporated in this District and Target's infringing activities have occurred and are occurring in this District.

## THE ACCUSED TARGET PRODUCTS

13.     The Accused Products are various lines of capsule-in-capsule vitamin, dietary or nutritional supplement, and/or biotic products in which the outer capsule contains ingredients in an oil form and the inner capsule contains ingredients in a solid form that, on information and belief, Target offers for sale, sells and ships.

14.     The Accused Products include, without limitation, the Ritual Multi-Capsule Products, which Target markets, offers for sale, and sells through Target.com product pages identifying such merchandise as "nested capsule" technology and that, on information and belief, is sold and shipped by Target.

## INNERCAP'S U.S. PATENT NO. 7,670,612

15.     On March 2, 2010, the United States Patent and Trademark Office duly and legally issued United States Patent No. 7,670,612, entitled "Multi-phase, multi-compartment capsular delivery apparatus and methods for using same." A true and correct copy of the '612 Patent is attached as Exhibit A to this Complaint.

16.     The '612 Patent is directed, *inter alia*, to addressing a core formulation and delivery problem affecting dietary supplements and medications. Prior to the '612 Patent's technology,

4

many active ingredients (e.g., vitamins, dietary or nutritional supplements, nutraceuticals, minerals, omega oils, extracts, pre-biotics, post-biotics, or drugs) could not be effectively combined in a single conventional capsule because they differed in physical state (solid vs. liquid), were chemically incompatible, or required different release profiles. The '612 Patent solved this issue by disclosing a capsule-in-capsule system with multiple internal compartments, each capable of holding different ingredients in different physical states (e.g., liquid and solid) within a single dosage form. By physically separating and optionally staging release of these ingredients, the '612 Patent's technology enables stable, compatible, and potentially targeted delivery of combination products that could not otherwise be co-formulated

17. The '612 Patent was the subject of an October 15, 2025 request for supplemental examination before the U.S. Patent and Trademark Office ("**USPTO**"). Such request sought the USPTO's determination as to whether eleven identified prior art references presented a substantial new question of patentability affecting claims 5, 6, 9, 10, 25, 33, 65 and 73 of the '612 Patent, which claims are directed to capsule-in-capsule embodiments of INNERCAP's technology. In an October 31, 2025 decision, the USPTO concluded that none of the eleven prior art references raised a substantial new question of patentability affecting such claims.

18. INNERCAP is the owner, by assignment, of all right, title, and interest in and to the '612 Patent, including the right to sue for and recover damages for past, present, and future infringement.

19. The '612 Patent is valid and enforceable under the patent laws of the United States.

20. INNERCAP has at all times met its marking obligations under 35 U.S.C. § 287, including without limitation by requiring each of its licensees to mark all capsule-in-capsule products with INNERCAP's patents, including identification of the '612 patent, and by identifying

the '612 Patent among the patents directed to its "unique delivery system technology" on the "PATENTS" page of its website: https://www.innercap.com/patents.html.

## COUNT I

### INFRINGEMENT OF THE '612 PATENT

21.    INNERCAP incorporates by reference the allegations in the preceding paragraphs as though fully set forth herein.

22.    Target has sold, offered for sale, and/or imported the Accused Products that incorporate one or more of the inventions claimed in the '612 Patent.

23.    Target has infringed and continues to infringe, either literally or under the doctrine of equivalents, one or more claims of the '612 Patent, including at least claims 5, 6, 9, 10, 24, 33, and 65, in violation of 35 U.S.C. § 271, et seq. by at least selling and offering for sale the Accused Products in the United States.

24.    Claim 33 of the '612 Patent is representative, and provides:

[33.preamble] A multi-compartment capsule, comprising:

[33.a] a first receiving chamber comprising at least one oil in immediate release form; and

[33.b] a second receiving chamber containing only solid ingredients and comprising at least one active ingredient in a solid state and formulated in a manner allowing for a time-delayed dissolution and release of said solid active ingredient,

[33.c] wherein the ingredients contained in said first receiving chamber are different from the ingredients of said second receiving chamber,

[33.d] and wherein said second receiving chamber is enveloped by said first receiving chamber,

[33.e] and wherein the multi-compartment capsule is a hard shell capsule.

25.    On information and belief, Target offers for sale and sells Ritual Multi-Capsule Products that meet every limitation of at least claim 33 of the '612 Patent as stated below.

6

26.     On information and belief, and based on publicly available information, all Ritual Multi-Capsule Products have the same or similar technology regarding the below-identified features. On further information and belief, and based on publicly available information, the Ritual Essentials Prenatal Multivitamins is representative of the Ritual Multi-Capsule Products. On further information and belief, and based on publicly available information, each of the Ritual Multi-Capsule Products functions and is structured in a manner similar, if not identical, to the Ritual Essentials Prenatal Multivitamins as it relates to infringing the '612 Patent. And on further information and belief, and based on publicly available information, each of the Ritual Multi-Capsule Products possesses features and/or attributes similar, if not identical, to those features and/or attributes of the Ritual Essentials Prenatal Multivitamins identified by INNERCAP as infringing the '612 Patent. Accordingly, the analysis of the Ritual Essentials Prenatal Multivitamins set forth below applies equally to each of the accused Ritual Multi-Capsule Products.

27.     The preamble of claim 33 requires: "A multi-compartment capsule[.]" To the extent the preamble of claim 33 of the '612 Patent is determined to be limiting, the Ritual Multi-Capsule Products satisfy the preamble, as seen in the figures below.



**Fig. 1.** Figure from product literature for Ritual Essentials Prenatal Multivitamins product.[2]

28.     Limitation [33.a] requires: "a first receiving chamber comprising at least one oil in immediate release form[.]" On information and belief, each of the Ritual Multi-Capsule Products satisfies limitation [33.a]. As described below, the Ritual Multi-Capsule Products each have a first receiving chamber comprising at least one oil ingredient in immediate release form.

29.     On information and belief, the first/outer receiving chamber of the Ritual Multi-Capsule Products has an active oil ingredient in immediate release form. For example, on information and belief, the Ritual Essential Prenatal Multivitamin has a first/outer receiving chamber that contains omega-3 docosahexaenoic Acid (DHA) fatty acids in an oil form that is suitable for immediate release following ingestion.[3]

30.     Thus, the Ritual Multi-Capsule Products satisfy limitation [33.a] of the '612 Patent.

31.     Limitation [33.b] requires: "a second receiving chamber containing only solid ingredients and comprising at least one active ingredient in a solid state and formulated in a manner allowing for a time-delayed dissolution and release of said solid active ingredient[.]" On information and belief, each of the Ritual Multi-Capsule Products satisfies limitation [33.b].

32.     On information and belief, the ingredients of the second receiving chamber in the Ritual Multi-Capsule Products are provided in a dry powdered internal fill state. Such belief is confirmed by collateral marketing materials which describe occasionally darker colors of the inner

---

[2] The Ritual Essential Prenatal Multivitamin product is a multi-compartment capsule, as shown in the pictures and descriptions provided on Target's website. https://www.target.com/p/ritual-prenatal-multivitamin-with-folate-choline-vegan-omega-3-dha-and-chelated-iron-vegan-capsules-citrus-essenced-60ct/-/A-87742292 (accessed April 16, 2026).

[3] https://www.target.com/p/ritual-prenatal-multivitamin-with-folate-choline-vegan-omega-3-dha-and-chelated-iron-vegan-capsules-citrus-essenced-60ct/-/A-87742292 (accessed April 16, 2026).

capsule as being the result of "the oil blend com[ing] into contact with the <u>powder ingredients of the inner capsule.</u>"[4]



Fig. 3. Image from product literature accompanying Ritual Essential Prenatal Multivitamin.[5]

33.    On information and belief, encapsulated biotics are conventionally formulated as lyophilized (freeze-dried) solid powders to preserve microbial viability and enable room-temperature stability.[6] This inference is supported by the dosing expressed on the Ritual Synbiotic+ product is expressed in colony-forming units (CFU) per capsule, which are measured from dry particulate blends."[7]

34.    On further information and belief, the solid powdered ingredients in the second chamber of the Ritual Multi-Capsule Products are formulated for time-delayed dissolution and

---

[4] *Id.*

[5] *See Id.*

[6] *See, e.g., generally* Live Biotherapeutics – Importance of formulation and lyophilization parameters, https://www.pharmaexcipients.com/wp-content/uploads/2023/09/Live-Biotherapeutics.pdf (as accessed April 21, 2026) (discussing lyophilization process for live biotic biotherapeutic products); *see also* Guidance for Industry: Early Clinical Trials With Live Biotherapeutic Products (FDA): https://www.fda.gov/media/82945/download (noting lyophilized preparations as part of stability considerations) (as accessed April 6, 2026).

[7] *See, e.g.*, https://www.target.com/p/ritual-synbiotic-prebiotic-3-in-1-formula-for-gut-health-and-digestive-support-vegan-capsules-mint-essenced-30ct/-/A-89699801# (describing dosing in terms of CFUs) (accessed April 21, 2026).

release. For example, the product details for the Ritual Essential Prenatal Multivitamin explain that "[o]ur delayed-release capsules are designed to dissolve later in the small intestine, an ideal place to absorb nutrients."[8] The product description for the product further notes that the "[d]elayed-release nested capsule [is] designed for optimal absorption."[9]

35.     Likewise, the Ritual Multi-Capsule Products containing biotics are, on information and belief, formulated for time-delayed dissolution and release of the second receiving chamber contents in order to survive during digestion in the stomach.[10]

36.     Thus, the Ritual Multi-Capsule Products satisfy limitation [33.b] of the '612 Patent.

37.     Limitation [33.c] requires that the "ingredients contained in said first receiving chamber are different from the ingredients of said second receiving chamber[.]" On information and belief, each of the Ritual Multi-Capsule Products satisfies limitation [33.c].

38.     On information and belief, the ingredients of the first receiving chamber in the Ritual Multi-Capsule Products are different from the ingredients of said second receiving chamber. On information and belief, in the Ritual Multi-Capsule Products, the capsule-within-a-capsule design necessarily separates ingredients by solubility: the outer oil layer of the first receiving chamber contains the oil-soluble components, while the inner capsules of the second receiving chamber contains the water-soluble vitamins and mineral ingredients. For example, and on information and belief, with respect to the Ritual Essential Prenatal Multivitamin product, the first

---

[8] https://www.target.com/p/ritual-prenatal-multivitamin-with-folate-choline-vegan-omega-3-dha-and-chelated-iron-vegan-capsules-citrus-essenced-60ct/-/A-87742292 (accessed April 16, 2026).
[9] *Id.*
[10] See, e.g., https://www.target.com/p/ritual-synbiotic-prebiotic-3-in-1-formula-for-gut-health-and-digestive-support-vegan-capsules-mint-essenced-30ct/-/A-89699801# (describing dosing in terms of CFUs) (accessed April 21, 2026) (describing product as being designed to "reach the colon (not the stomach), an ideal place for probiotics to survive and grow") (accessed April 21, 2026).

receiving chamber contains the oil-based omega-3 DHA, vitamin D (as cholecalciferol), lipid-phase vitamin E (as alpha tocopherol), and vitamin K2 (MK-7), each of which require an oil environment for stability and absorption (shown in red boxes). On further information and belief, the inner second receiving chamber of the Ritual Essential Prenatal Multivitamin contains the dry but water-soluble vitamins and mineral ingredients, including folate, vitamin B12, biotin, choline, iron, iodine, magnesium, and boron (as calcium fructoborate), as these are not oil-soluble and are more stable and appropriately delivered in a dry or aqueous-compatible matrix (shown in green boxes).

## Essential Prenatal Multivitamin

**Instructions:** Take two capsules together, daily with or without food.

## Supplement Facts

**Serving Size:** Two (2) Vegan Capsules
**Servings Per Container:** 30

|  | Amount Per Serving | %DV for Pregnant/ Lactating Women |
|---|---|---|
| **Vitamin D** (as cholecalciferol¹) [from Lichen (whole plant)] | 50 mcg (2000 IU) | 333% |
| **Vitamin E** (as alpha tocopherol from mixed tocopherols²) [from *Brassica napus* (seed)] | 7 mg | 37% |
| **Folate** (as 6S-5-Methyltetrahydrofolate [glucosamine salt]³) | 1000 mcg DFE | 167% |
| **Vitamin B12** (as methylcobalamin) | 8 mcg | 286% |
| **Biotin** | 150 mcg | 429% |
| **Choline** (as choline bitartrate⁴) | 55 mg | 10% |
| **Iron** (as ferrous bisglycinate⁵) | 18 mg | 67% |
| **Iodine** (as potassium iodide) | 150 mcg | 52% |
| **Magnesium** (as dimagnesium malate) | 32 mg | 8% |
| **Omega-3 Docosahexaenoic Acid (DHA) Fatty Acids** [from *Schizochytrium* spp. (whole microalgae)⁶] | 350 mg | ** |
| **Boron** (as calcium fructoborate⁷) | 0.7 mg | ** |
| **Vitamin K2** (as Menaquinone-7⁸) | 90 mcg | ** |

** Daily Value (DV) not established.

**Other Ingredients:** Stomach acid-resistant outer vegan capsule (hypromellose, gellan gum), inner vegan capsule (hypromellose), silica, cellulose, l-leucine

Fig. 6. Supplemental Facts sheet from product literature for the Ritual Essential Prenatal Multivitamin (colored boxes added).[11]

39.     Thus, the Ritual Multi-Capsule Products satisfy limitation [33.c] of the '612 Patent.

---

[11] https://www.target.com/p/ritual-prenatal-multivitamin-with-folate-choline-vegan-omega-3-dha-and-chelated-iron-vegan-capsules-citrus-essenced-60ct/-/A-87742292 (accessed April 16, 2026) (colored boxes added).

40.     Limitation [33.d] requires a "second receiving chamber [that] is enveloped by said first receiving chamber[.]" On information and belief, each of the Ritual Multi-Capsule Products satisfies limitation [33.d].

41.     On information and belief, the Ritual Multi-Capsule Products have a secondary receiving chamber which is enveloped by the first receiving chamber. On information and belief, and for example, the multi-compartment capsule of the Ritual Essential Prenatal Multivitamin is composed as having an inner, "second receiving chamber" (green arrow), which is received in and enveloped by the primary capsule of the outer "first receiving chamber" (yellow arrow).



Fig. 7. Image of Ritual Essential Prenatal Multivitamin product showing second receiving chamber as an inner capsule that is enveloped by the first receiving chamber of the outer capsule.[12]

42.     Thus, the Ritual Multi-Capsule Products satisfy limitation [33.d] of the '612 Patent.

43.     Limitation [33.e] requires that the "multi-compartment capsule is a hard shell capsule[.]" On information and belief, each of the Ritual Multi-Capsule Products satisfies limitation [33.e].

44.     On information and belief, the Ritual Multi-Capsule Products have a multi-compartment capsule that is a hard shell capsule. On information and belief, and for example, the hard shell "stomach acid-resistant outer vegan capsule" (i.e. the first receiving chamber) of the

---

[12] *Id.* (arrows added).

Ritual Essential Prenatal Multivitamin is composed from hypermellose and gellan gum, and the hard shell "inner vegan capsule" is composed from hypermellose (i.e., the second receiving chamber).[13]

45.     Thus, the Ritual Multi-Capsule Products satisfy limitation [33.e] of the '612 Patent.

46.     Therefore, each of the Accused Products, including at least the Ritual Multi-Capsule Products satisfies each and every limitation of claim 33 of the '612 Patent and therefore infringes at least claim 33 of the '612 Patent.

47.     As a result of Target's infringement of the '612 Patent, INNERCAP has suffered and continues to suffer substantial injury and is entitled to recover all damages caused by Target's infringement to the fullest extent permitted by the Patent Act, together with prejudgment interest and costs for Target's wrongful conduct.

## JURY DEMAND

48.     Pursuant to Federal Rule of Civil Procedure 38(b), INNERCAP demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, INNERCAP respectfully requests judgment against Target as follows:

A.     that this Court adjudge that Target has infringed the '612 Patent;

B.     that this Court award INNERCAP damages under 35 U.S.C. § 284 sufficient to compensate INNERCAP for Target's infringement, including but not limited to a reasonable royalty;

C.     that this Court award INNERCAP prejudgment and post-judgment interest as allowed by law;

---

[13] *Id.*

14

D.      that this Court award INNERCAP its costs and such other and further relief as the

Court deems just and proper.

**BRADFORD ANDRESEN NORRIE & CAMAROTTO**

Date: April 29, 2026                          By _s/ Mark R. Bradford_____
                                              Mark R. Bradford (MN #0335940)
                                              3600 American Blvd. W., Suite 670
                                              Bloomington, MN 55431
                                              Telephone: (612) 474-1433
                                              Email: mbradford@banclaw.com

15